EDMOND J. COFFEY *vs.* THE COFFEY LAUNDRIES, INCORPORATED, ET AL.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued October 24th—decided December 18th, 1928.

*Thomas R. Robinson,* with whom, on the brief, was *Arthur B. O'Keefe,* for the appellant (plaintiff).

*George E. Beers,* with whom, on the brief, was *Edward C. Carroll,* for the appellees (defendants).

HINMAN, J.  The trial court apparently took no action upon the numerous reasons of appeal from the commissioner having to do with corrections of the finding, but reached its conclusion upon the finding of the commissioner as corrected by him.  The appeal to this court is from this decision only, and must be determined upon the operative facts set forth in the commissioner's finding.  The claimant was president and general manager of, and a majority stockholder in, the respondent corporation.  As such general manager it was his duty to superintend and direct the work in the plant, his duties being in general in the office.  In November, 1926, clothing belonging to patrons was stolen, causing considerable financial loss to the corporation; the claimant notified the police department of New Haven, detectives investigated and as a result arrested a driver in the employ of the respondent.  The claimant was requested to attend at

the City Court as a witness in the case which, after several continuances, came to trial on November 30th. In the course of the trial the prosecuting attorney refused to proceed further with the presentation of the case, whereupon the claimant called in counsel for the respondent and directed him to continue with the prosecution of the driver. While the claimant was so endeavoring to have the case prosecuted further, counsel for the accused driver approached him in a threatening manner and stated that he intended to sue him for malicious prosecution, and after the case was finished made further remarks which much excited the claimant. These occurrences, together with the efforts of the claimant "to keep control of himself," caused mental strain which, the commissioner found, lighted up and precipitated a dormant condition and predisposition to angina pectoris and caused an attack of that disease which resulted in the incapacity of the claimant.

The commissioner concluded and held that the lighting up and making active of the angina pectoris was proximately caused by the claimant's employment and was the result of an injury arising out of and in the course of it. On appeal the Superior Court held, in effect, that this conclusion was not legally and logically justified and vacated the award.

We share the doubt expressed by the trial court as to whether the injury is to be regarded as having occurred while the claimant was "reasonably fulfilling the duties of his employment, or engaged in doing something incidental to it," as is necessary if it may be held to have been sustained in the course of his employment. *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 308, 97 Atl. 320. It seems that his duties as general manager, as stated by the finding or fairly to be implied, would at most fall short of a

gratuitous and inherently futile attempt to substitute private counsel for the official prosecutor of the City Court, which effort on his part appears to have occasioned most of the excitement and mental strain to which his subsequent ills are attributed.

Be that as it may, when we come to consider whether the "injury" arose out of the claimant's employment, logic and common sense clearly dictate a negative answer. The situation lacks the vital element of reasonable causal connection between the injury and the employment or the conditions under which it is required to be performed. *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 263, 108 Atl. 799; *Gonier* v. *Chase Companies, Inc.*, 97 Conn. 46, 49, 115 Atl. 677; *Jacquemin* v. *Turner & Seymour Mfg. Co.*, 92 Conn. 382, 387, 103 Atl. 115. To justify compensation the injury must be a natural and necessary incident or consequence of the employment, or the conditions under which the employee is required to carry on his work. The determinative inquiry is: "Was the employment a proximate cause of the disablement, or was the injured condition merely contemporaneous or coincident with the employment? If it was the latter there can be no award made." *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 713, 134 Atl. 259; *Larke* v. *Hancock Mutual Life Ins. Co.*, *supra*, p. 309.

It seems too patent to require exposition that the mental state of the claimant, which constituted the injury now under consideration, falls within the latter category. It could not reasonably be anticipated as involved in anything which his employment required of him or which was appropriate or incident thereto. It was the result of emotions aroused by his personal opinion of the manner in which a legal proceeding was being conducted, as to which proceeding his employer had no function of regulation or control, and in which

his own legitimate participation was limited to giving testimony as a witness, and by a personal affront which surely was not within any hazard or exposure reasonably to be contemplated as connected with his employment. As the trial court pertinently suggests in the memorandum of decision, the results of which the claimant complains might as well have followed an access of joy because of a satisfactory conduct and outcome of the case and the receipt of congratulations thereon. His excitement and mental strain, occasioned as above stated, cannot be brought within any rational conception of an injury arising out of his employment.

There is no error.

In this opinion the other judges concurred.