WALTER KOWALSKI *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 4th, 1931—decided February 23d, 1932.

*George E. Beers* and *William L. Beers,* with whom, on the brief, was *Arthur Klein,* for the appellant (plaintiff).

*Fleming James, Jr.,* with whom, on the brief, was *Edward R. Brumley,* for the appellee (defendant).

MALTBIE, C. J. The parties entered into a voluntary agreement for the payment of compensation to the plaintiff for total incapacity caused by burns from electricity. The matter came later before the compensation commissioner, and on March 11th, 1931, he made an award in which he found that compensation had been paid under the agreement to February 2d, 1930, that the plaintiff's wounds had healed and he had been discharged from the hospital, that shortly

after he began to show symptoms of a functional nervous disturbance which had persisted and had resulted in total incapacity, and that this incapacity was a result of the injury; and he directed that the defendant pay compensation for total incapacity in accordance with the terms of the voluntary agreement from February 2d, 1930, to the date of the hearing and thereafter so long as the plaintiff should be incapacitated on account of the injury, but not beyond the period limited by the statute. The matter again came before the commissioner upon July 30th, 1931, at the request of the plaintiff, who claimed that he was still totally incapacitated because of his injury. The commissioner made an award in which he found as follows: "The claimant is not suffering from any organic injury, but the functional nervous disturbance for which compensation was previously granted, is present, and will continue to be present until the question of compensation is settled. The commissioner finds that organically the claimant is able to work and should work, and he is entitled to compensation only to the date of this hearing." He directed the defendant to pay compensation in accordance with the terms of the voluntary agreement from March 17th, 1931, to the date of the hearing, July 30th, 1931, in a lump sum and also certain doctor's bills. From this award the plaintiff has appealed.

The parties put very different interpretations upon the meaning of the finding of the commissioner we have quoted. The plaintiff claims that it amounts to a finding that his condition still continued as it was at the time of the previous hearing, but that the commissioner had concluded that, if he went to work, his nervous disorder would cease and therefore he ought to do this and the compensation to him ought to cease. On the other hand, the defendant concedes that the

commissioner could order the termination of payments under the previous award, in the circumstances of this case, only if he found that changed conditions of fact had arisen necessitating a change in the award properly to carry out the spirit of the Act. General Statutes, § 5240. It construes the finding as meaning that, while the functional nervous disorder still continued, it was no longer dependent upon the original injury, that it would clear up as soon as the question of compensation was settled and that the litigation was now the sole remaining cause of the disorder and the incapacity. Accordingly, it claimed that there is a finding of a changed condition of fact justifying the termination of payment. These two interpretations of the finding raise very different legal questions.

In *Henderson* v. *Mazzotta,* 113 Conn. 747, 751, 157 Atl. 67, we recently pointed out, as we have repeatedly before, that while in proceedings of this kind procedural niceties need not be strictly adhered to, substantive requirements must be fulfilled. From the award it does not definitely appear that the ruling of the commissioner was based upon such a conclusion as the plaintiff infers from it. On the other hand, the finding falls far short of stating that there was such a changed condition of fact as the defendant claims to have occurred and that the plaintiff's condition at the time of the hearing was not the proximate result of the injury he suffered but was due solely to the pendency of litigation and uncertainty as to the continuance of payments of compensation to him. As the case is presented, the record affords no basis upon which to consider the varying claims of the parties as to the applicable principles of law and it must be returned to the commissioner for a further finding.

There is error, the judgment is set aside and the case

remanded with direction to return it to the commissioner for further proceedings.

In this opinion the other judges concurred.