ANNA BRATZ *vs.* HARRY MARING, JR., INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 12th, 1932—decided February 7th, 1933.

*Philo C. Calhoun,* for the appellant (plaintiff).

*William A. Bree,* with whom was *H. Frederick Day,* for the appellees (defendants).

HINMAN, J. The plaintiff seeks to recover under the provisions of the Workmen's Compensation Act for the death of her husband, Gus Bratz, an employee of the defendant, who died of pulmonary tuberculosis. The commissioner denied compensation; and, on appeal to the Superior Court, his conclusion was sustained and the appeal dismissed. The case comes to us on appeal of the plaintiff from that judgment.

From the finding of the commissioner, it appears that the deceased was employed by the respondent as a laborer. One of his duties was to assist in moving stones to a stone boat. April 19th, 1929, while pushing one of the stones, it slipped and he braced his foot and twisted his right knee. He felt a pain in that part but made no report of the accident, continuing to work the remainder of that day and the following days until he was laid off or discharged April 26th, 1929. Within a day after the accident, his knee began to swell and occasioned him considerable pain and disability which continued during the summer of 1929 until October 1st of that year. He was able to do light work until October 1st, 1929, but not thereafter. He received no medical attention from the time of the injury until June, 1929, when he consulted a physician who treated him for swollen and partly ankylosed knee. In October, he was referred to a bone specialist, upon whose advice he entered the Bridgeport Hospital

November 1st, 1929, for osteoarthritis of the right knee. At the hospital, the semilunar cartilage of the right leg was removed and on December 11th of the same year a cystic hygroma of the right popliteal region was excised. He was discharged from the hospital on January 5th, 1930, as recovered. After his discharge, he continued to suffer pain and disability of the knee. July 2d, 1930, he again entered the hospital, where he was treated for severe infection of the right knee, which was later diagnosed as bone tuberculosis. He was discharged July 27th, 1930, and died October 1st of that year of pulmonary tuberculosis. The commissioner further found that the pulmonary tuberculosis which resulted in the death of Bratz was not caused by or connected with the injury to his knee in 1929.

The basic claim of the plaintiff, as appears by the motion to correct the finding, is that the long period of disability after the accident and the pain which Bratz suffered, together with his two operations and his long confinement in the hospital, had so weakened his resistance and lowered his vitality that a quiescent pulmonary tuberculosis was lighted up and stimulated to activity; that although pulmonary tuberculosis was the immediate cause of death, the knee injury, through its consequences by weakening the resistance and lowering the vitality of the deceased, was a proximate cause. She asked that the finding be corrected in certain particulars so as to show facts supporting such a claim, but the commissioner declined to so amend the finding and this refusal was made ground for reasons of appeal.

The Superior Court recognized in its memorandum of decision that "the fact there was such a chain of events beginning with the injury to the knee and terminating in death is supported by evidence of physi-

cians presented by the claimant as witnesses, and also by high medical authorities introduced in evidence as exhibits," but did not definitely rule upon the assignments pertaining to the motion to correct in these respects. The reason indicated is that, in the opinion of the trial court, the plaintiff could not rely upon weakened resistance and lowered vitality as an admissible link in the chain of causation, and its connection with the knee injury as a cause and the pulmonary tuberculosis as an effect would not avail to entitle the plaintiff to compensation. The memorandum reveals, further, that this view arose from the construction placed by the court upon the provision in § 7 of Chapter 307 of the Public Acts of 1927, now § 5223 of the General Statutes, that "a personal injury shall not be deemed to arise out of the employment unless causally traceable to the employment other than through weakened resistance or lowered vitality." Under this provision, impaired resistance and vitality incurred by reason of the employment or exposure or other incidents thereto does not, of itself, constitute a compensable injury. *Galluzzo* v. *State,* 111 Conn. 188, 149 Atl. 778; *Linnane* v. *Aetna Brewing Co.,* 91 Conn. 158, 99 Atl. 507. The trial court interpreted it as meaning, further, that although there has occurred an injury—here that to the knee—and physical consequences therefrom which are compensable, if, as is claimed in the present case, there also results from these conditions, their treatment, and the suffering involved, a weakened resistance which brings into activity additional physical developments, consequences of the latter (here the pulmonary tuberculosis) are not compensable because traceable to the original injury only by resorting to the impaired capability of resistance as a step in the causative sequence. Whether this construction is to be confirmed depends

mainly upon the meaning to be attributed to the word "through." If it was intended in the sense of "by way of" as indicating a channel or course of passage or an intervening stage, or "by the instrumentality or aid of"—as accomplishment of an object through certain means—the effect would be as held by the trial court. But another recognized significance of the word is "by means of" or "in consequence of." Webster's New International Dictionary. In our opinion it is employed in the latter sense in the statute under consideration.

The course of our prior decisions and relevant statutory changes relevant to weakened resistance is reviewed in *Galluzzo* v. *State, supra,* and present purposes do not require repetition of that discussion. As therein pointed out, in *Linnane* v. *Aetna Brewing Co., supra,* compensation was sought on account of death from pneumonia unconnected with any accident definite as to time and place and was denied (p. 163) because the finding showed "that the contemporaneous consequence of the decedent's exhaustion was not a localized injury, but a general or systemic condition of weakened resistance to disease from which pneumonia developed in the ordinary course and without the intervention of a bodily injury." This situation was held to distinguish the case from *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 97 Atl. 320, in which compensation was awarded for death from erysipelas resulting from frost bite suffered in the course of employment, it being held (p. 311) that "if the primary injury arises out of the employment, every consequence which flows from it likewise arises out of the employment. The chain of causation may not be broken. Every injurious consequence flowing from it is part of this chain. . . . All physical consequences and disease result from an injury when there is a

causal connection between them." In 1919 the Compensation Act was amended by Chapter 142 of the Public Acts, § 1, to the effect that it should be no bar to compensation that the injury could not be traced to a definite occurrence which could be located in point of time and place, but in the *Galluzzo* case it was held that by the 1927 amendment, which we are considering, the definition of compensable injury was again placed where it was when the *Linnane* case was decided, and, as it appeared that the pneumonia which caused the employee's death was not a contemporaneous result of exposure and that the only result which could have been caused was a weakened resistance and a lowered vitality, the conclusion of the commissioner that the pneumonia "could only be traced through weakened resistance and lowered vitality" of the deceased, was sustained; and as the statute of 1927 forbids compensation where the injury is causally traceable only through weakened resistance or lowered vitality, we concurred with the commissioner and the trial court in holding the case not one of compensable injury.

We have not until now been required to determine the effect of the 1927 statutory limitation upon a situation where weakened resistance is not, as in the *Galluzzo* case, relied upon as what is referred to in the *Larke* case as "the primary injury," but as an "injurious consequence" flowing from an injury itself compensable, and as a part of the chain of causation connecting that original injury with the ultimate results, but our decisions are consistent with recognition of such consequences as admissible in the sequence of causal connection. We conclude that while the 1927 statute bars compensation where lowered resistance itself constitutes the claimed original injury on account of and because of which compensation is

claimed, it does not preclude an award merely because such impairment, consequent upon a definite original injury, intervenes between that injury and the final result, and the latter is traceable back to the injury "by way of" or in that sense "through" the weakened resistance or lowered vitality.

We are unable to determine whether, if the trial court had so construed the statute, it would have held the evidence concerning causal connection between the knee injury and the death such as to require changes in the finding, on appeal, sufficient to establish the plaintiff's claims. *Bailey* v. *Mitchell*, 113 Conn. 721, 725, 156 Atl. 856. If the appellant is found, by the Superior Court, to be entitled to such corrections they should be made and the case remanded to the commissioner for award accordingly. If such corrections are not found to be justified, on appeal, the cause should, nevertheless, be returned to the commissioner for further consideration. The finding as made indicates, and our study of the evidence tends to confirm, the impression that, on the hearing before the commissioner, the main contention was as to causal connection between the bone tuberculosis which developed in the knee and the subsequent pulmonary tuberculosis which caused the death, and that the finding as to lack of relation between the knee injury and the death was largely, if not entirely, predicated thereon, the element of weakened resistance being involved only incidentally and apparently not definitely relied on as a causative factor. The case should not be finally determined without specific consideration of the claim now principally depended upon and further development by evidence, if necessary, of the facts requisite to a conclusion thereon. *Kowalski* v. *New York, N. H. & H. R. Co.*, 114 Conn. 393, 158 Atl. 914; *Callahan* v. *Schollhorn Co.*, 106 Conn. 211,

137 Atl. 642; *Cormican* v. *McMahon,* 102 Conn. 234, 128 Atl. 709.

There is error; the cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.