WALTER KOWALSKI *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued December 7th, 1932—decided February 14th, 1933.

*William L. Beers,* with whom was *George E. Beers,* and, on the brief, *Arthur Klein,* for the appellant (plaintiff).

*Fleming, James, Jr.,* with whom, on the brief, was *Edward R. Brumley,* for the appellee (defendant).

HINMAN, J.  While the plaintiff was cleaning the flues of a vertical boiler mounted on a flat car, a rod which he was using contacted with overhead wires and he sustained electric burns, abrasions, and shock. Compensation for the total incapacity caused by these injuries was paid under a voluntary agreement.  On March 16th, 1931, the compensation commissioner made a finding including the fact that shortly after the plaintiff's wounds healed and he was discharged from the hospital, "he began to show symptoms of a functional nervous disturbance and these symptoms have persisted to the present time, resulting in his total incapacity to work," and ordered that payments of compensation be made so long as he "is incapacitated on account of the injury, but not beyond the time limited by statute."  Compensation was so paid to March 16th, 1931, only, and on July 30th, 1931, another hearing was held at the request of the plaintiff who claimed to be totally incapacitated on account of his injuries.  As a result, the commissioner made a finding that "the claimant is not suffering from any organic injury, but the functional nervous disturbance for which compensation was previously granted, is present, and will continue to be present until the question of compensation is settled.  The commissioner finds that organically the claimant is able to work and should work, and he is entitled to compensation only to the date of this hearing."  He ordered payments to be made up to the date of the hearing in a lump sum but no longer.  The plaintiff appealed to the Superior Court, which dismissed the appeal (*Dickenson, J.*), and then to this court.  114 Conn. 393, 158 Atl. 914.  The plaintiff construed the finding we have quoted as stating, in effect, that the condition —"functional nervous disturbance"—found to have resulted in incapacity and for which compensation

was granted under the award of March 16th, 1931, continued to exist and to cause his incapacity, and claimed that even though, as the commissioner also found, if he went to·work, his nervous disorder and consequent incapacity would cease, the finding disclosed no change of condition which would authorize the commissioner·to modify the previous award. The defendant interpreted; the finding as meaning that "while the functional nervous disorder still continued, it·was no longer dependent upon the original injury, that it would clear up as soon as the question of compensation was settled and that the litigation was now the sole remaining cause of the disorder and the incapacity. Accordingly, it claimed that there is a finding of a changed condition of fact justifying the termination of payment." 114 Conn. p. 395.

We held that the finding as made did not enable us to resolve these conflicting claims and remanded the case for such clarification as would afford an adequate basis for determination as to the factual situation and, thereby, for application of the law. On the remand the commissioner substituted for the finding in question the following: "4. The claimant is not suffering from any organic injury. He still shows symptoms of nervousness, but is not suffering from what is generally known as 'traumatic neurosis.' 4a. The claimant is now able to work and should·work. His continued nervous symptoms are due to the uncertainty created by the continued prospect of reopening his case and granting further compensation, and the symptoms are not proximately caused by his original injury. 4b. The incapacity resulting from the injury has ended, and the claimant is entitled to compensation only to the date of hearing, July 30th, 1931." To this, at the instance of the plaintiff, he added that "Between the times of the two hearings

[January 21st, 1931, on which the March finding and award were based, and July 30th, 1931] there was no difference in the condition of the claimant so far as concerns his actual ability to work in point of fact. So far as the physical construction and theoretical operation of the claimant's organs are concerned, he can perform the motions required in work." Motions to correct the finding further, as to the plaintiff's inability to work and the lack of causal connection between the nervous symptoms and the original injury, were denied by the commissioner and by the Superior Court on the appeal, which was dismissed, *Jennings, J.*

On the present appeal to this court, the principal contention for the plaintiff is that it appears from the finding that there was no difference, as to actual ability to work, between his condition at the January hearing and that in July and that there is a failure to disclose that changed conditions of fact have arisen which necessitate a change of the award in order to carry out the spirit of the Compensation Act, and that therefore no legal basis is afforded for modification of the original award under § 5240 of the General Statutes. The finding made upon the evidence at the January hearing was that the plaintiff at that time "has been unable to work since his injury and this incapacity is a result of his injury." The present finding is that at the time of the later hearing he "is able to work and should work." Also that his nervous symptoms, which at both hearings were the only ground of the claimed disability, are not due to "traumatic neurosis" or other proximate result of his original injuries, but solely to the uncertainty created by the continued prospect of reopening his case and granting further compensation.

The power given a compensation commissioner by

§ 5240 to reopen and modify an award is not necessarily dependent upon a finding that conditions causing incapacity for which compensation was originally awarded have so altered that the incapacity has changed or ceased; it is sufficient if it be found, although inability to work continues, that it is not attributable as a proximate result to the injury on account of which compensation was originally awarded. The present finding states that which we held the finding before us in 114 Conn. 393, 395, failed to do, in effect "that the plaintiff's condition at the time of the hearing was not the proximate result of the injury he suffered but was due solely to the pendency of litigation and uncertainty as to the continuance of payments of compensation to him." This constitutes such a changed condition of fact as would justify modification of the award. If a nervous disorder which resulted from an injury is followed by another nervous trouble having no relation to the injury, although incapacity to work accompanies both, clearly the commissioner may terminate compensation because of the changed condition of fact. Also, even if the original symptoms at first attributed to the injury continue, but as a result of later developments or further investigation are found not to arise from or to be proximately caused by the injury but, as in the present instance, are found to be due only to the pendency of compensation proceedings and attendant uncertainties, the situation involves a mistake of fact within that provision of § 5240 which gives the commissioner "the same revisionary power over his award that any court of equity in this State has over its decrees." *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 355, 111 Atl. 193; *Kalinick* v. *Collins Co.*, 116 Conn. 1, 163 Atl. 460. When a commissioner finds facts establishing that an award has been made

under a mistake or misapprehension by him as to a material fact he may and should reopen and modify it. *Kurzaji* v. *Warner and Bowman,* 106 Conn. 90, 137 Atl. 19.

We were unable to find in the record any convincing indication that, as is claimed by the plaintiff, the action of the commissioner was "a mere therapeutic measure" calculated, by ending both the compensation and the uncertainties regarding it, to remove the ascertained cause of the plaintiff's nervous affections. Therefore we are not required to determine the propriety of an award prescribing such a measure. *Turner* v. *Brooks & Doxey, Ltd.,* 3 B. W. C. C. 22.

We must also decline to recognize that the compensable consequences of an injury, although far-reaching so long as the chain of causation remains unbroken, may be extended so as to include unhappy mental or nervous states which do not pertain to the original injury except in the sense that they arise from the pendency of proceedings for compensation for the injury or anxiety because compensation may be terminated. The distinction between such a situation and a functional nervous upset and neurotic condition having causal relation with the personal injury, as in *Hunnewell's Case,* 220 Mass. 351, 355, 107 N. E. 934, is obvious. Authorities in point either directly or by admissible analogy are few. In *Holt* v. *Yates and Thom,* 3 B. W. C. C. 75, it was held that incapacity from work due to a mental condition not resulting from the original injury but from brooding over the effects of the accident are not compensable. This is in harmony with the principle in the law of torts that the liability for fright, shock or other similar and immediate emotional disturbance caused by negligence does not extend to the effects of subsequent brooding over the negligent conduct or the danger

to which it had exposed the person affected. Amer. Law Inst. Tent. Restatement, Torts, Draft No. 8, § 311, pp. 45, 47. In *Withers* v. *London, Brighton & S. C. Ry. Co.*, 9 B. W. C. C. 616, it was found that the original injury, to a hand, was not the physiological cause of insanity which led to the workman's suicide and it was held that, therefore, the death did not result from the injury. Cozens-Hardy, M. R., observes (p. 625), that to hold that wherever an accident involves depression of spirits the neurasthenia and its results are attributable to the accident would "be opening a door which we ought not to open. . . . There must be some direct evidence of the insanity being a result of the accident; something more than a subsequent occurrence." To much the same effect Warrington, L. J., says (p. 629), that "in order that the insanity may be treated as a result of the injury, you must find that [insanity] as a physiological result, not as an indirect result from the man's brooding over the fact of the injury, or from the depression occasioned in the case of a busy man restrained by the effects of the injury from going to work." See also *Marshall* v. *Clayton & Shuttleworth, Ltd.*, 12 B. W. C. C. 47. A mental state or nervous disturbance caused merely by the pendency of compensation proceedings is even less necessarily referable to the injury. *Coffey* v. *Coffey Laundries, Inc.*, 108 Conn. 493, 496, 143 Atl. 880.

The finding from the hearing of July 30th, 1931, as to the cause of the plaintiff's nervous condition justified the reopening of the former award and termination of compensation, and it has support in the evidence sufficient to preclude its correction on appeal.

There is no error.

In this opinion the other judges concurred.