GALLAGHER, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.

*January 7—February 2, 1960.*

362

For the appellant there was a brief by *Darrell MacIntyre,* attorney, and *George E. Hass* of counsel, both of Madison, and oral argument by *Mr. Hass.*

For the respondent Industrial Commission the cause was argued by *Beatrice Lampert,* assistant attorney general, and *George B. Schwahn,* attorney, with whom on the brief were *John W. Reynolds,* attorney general, and *Mortimer Levitan,* assistant attorney general.

For the respondents Wolff, Kubly & Hirsig Company and Hardware Mutual Casualty Company there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman.*

HALLOWS, J. The appellant contends on this appeal there is undisputed evidence that the appellant was suffering from a traumatic neurosis and it was the commission's duty to ascertain the extent and duration thereof. Relying on *Johnson v. Industrial Comm.* (1958), 5 Wis. (2d) 584, 93 N. W. (2d) 439, the appellant argues the case should be sent back to the Industrial Commission to determine that issue. The attorney general contends the issue cannot be raised on appeal in this court because it was not presented or tried before the Industrial Commission and the findings were based on other evidence. The respondent-employer (hereinafter re-

ferred to as the "respondent") takes the position that the findings of the commission were based on evidence of conversion hysteria, and the appellant was overcompensated on that evidence. The appellant has apparently abandoned on this appeal any claim for physical injuries other than what might be associated in some way with the claim for conversion hysteria.

Before considering these contentions, it is necessary to examine the record to see if there is any credible evidence to sustain the findings of the commission.

Dr. Stebbins, who testified on behalf of the appellant, stated he could find nothing wrong with the appellant except a ligament disorder. She had no paralysis when he examined her, but only poor ligament support; she had no anesthesia and no loss of reflexes. He testified she suffered a ligament disorder in the lower back for which he treated her with vegetable-oil injections in order to produce proliferation. He stated the appellant was 90 per cent permanently disabled. Four doctors, including those appointed by the commission, either reported or testified that there was no organic or physical injury. Dr. Eichman, a neurologist appointed by the commission, reported the appellant was suffering from severe conversion hysteria which was posttraumatic and manifested by a bizarre gait which caused stress and strain upon the musculoskeletal structure, inducing pain. He believed the appellant suffered temporary disability of five to 10 per cent and recovery would be possible within a year after the compensation award was paid.

In the course of medical treatment or diagnosis by 11 doctors, two of them suggested psychiatric examination or consultation, a suggestion the appellant did not follow. At one time during the course of the litigation the respondent made an offer based upon five per cent permanent disability. This offer was accepted and later repudiated by the appellant. After the appellant made a public statement that she was per-

manently cured as a result of the prayers of an evangelist, the respondent withdrew the offer.

We have difficulty, as did the circuit court, in finding evidence to sustain five per cent permanent disability. We point out that the respondent has not appealed from the finding and has not asked that it be reversed by review. The finding of the commission is not a model to be followed. The nature of the injury causing the disability is not stated. The circuit court viewed the finding as based upon five per cent temporary disability from traumatic neurosis liberalized to five per cent permanent disability because of the settlement offer. While this may be an explanation, it would not sustain the finding against proper objection. The finding of five per cent permanent disability cannot rest on any medical testimony of permanent physical injury. Such a finding rejects the testimony of Dr. Stebbins of 90 per cent permanent disability. When there is a wide divergence of medical testimony on the extent of an injury, a finding by the commission approximating one extreme of the range necessarily rejects the medical testimony supporting the other extreme. *Polzin v. Industrial Comm.* (1958), 4 Wis. (2d) 600, 91 N. W. (2d) 109. This rule logically applies when one end of the range is zero. However, the finding cannot be sustained in the lower range of five per cent permanent disability by any medical testimony. Drs. Wirka, Mahaffey, and Suckle testified there was no permanent disability. A finding of five per cent permanent disability cannot be sustained when there is no medical testimony of some permanent disability approximating that percentage. Because the commission's finding necessarily rejects the evidence of 90 per cent disability and is not supported by testimony of permanent disability within a reasonable proximity of five per cent, the appellant, so far as physical injury is concerned, is not prejudiced by the award.

The attorney general suggests the award was based upon the offer of the respondent of five per cent permanent dis-

ability and admits this is not proper evidence to sustain an award because the acceptance of the offer was repudiated and the offer withdrawn. We agree with the attorney general that the award so founded would not be sustained on appeal if the respondent had appealed or raised the issue by review. Offers of settlement are not evidence upon which a finding can be made.

The respondent contends the award can be sustained on the evidence in the record relating to conversion hysteria. Dr. Eichman did not use the general term "traumatic neurosis" but the specific term "conversion hysteria." Conversion hysteria, also known as "conversion reaction," has been held to be compensable in *Redfern v. Sparks-Withington Co.* (1958), 353 Mich. 286, 91 N. W. (2d) 516; *Hood v. Texas Indemnity Ins. Co.* (1948), 146 Tex. 522, 209 S. W. (2d) 345; *Peterson v. Department of Labor & Industries* (1934), 178 Wash. 15, 33 Pac. (2d) 650; *Welchlin v. Fairmont Railway Motors* (1930), 180 Minn. 411, 230 N. W. 897; and denied in *Swift & Company v. Ware* (1936), 53 Ga. App. 500, 186 S. E. 452; and *Kowalski v. New York, N. H. & H. R. Co.* (1933), 116 Conn. 229, 164 Atl. 653. Larson, in his work on Workmen's Compensation Law (1952), Vol. 1, p. 619, sec. 42.24, states: " 'Compensation neurosis,' which must be distinguished from conscious malingering, may take the form of an unconscious desire to obtain or prolong compensation, or perhaps of sheer anxiety over the outcome of compensation litigation—in either case producing a genuine neurosis disabling the claimant." "Conversion reaction" is defined in Blakiston's New Gould Medical Dictionary as "a mental defense mechanism whereby unconscious emotional conflict is transformed into physical disability. . . . Conversion reactions may include anesthesia." Blakiston's New Gould Medical Dictionary (2d ed. 1956), pp. 280, 1012.

Assuming but not deciding compensation neurosis is compensable, there is a practical problem in compensating for conversion hysteria or conversion reaction. Upon the medical testimony before us, the nature of the appellant's mental illness is such that it will end only after payment of an award. It is temporary in its nature. Dr. Eichman testified that appellant's conversion hysteria would end one year after payment. It is the theory of the respondent that the Industrial Commission took the lower limit of temporary disability testified to by Dr. Eichman at five per cent and converted it into permanent disability which would entitle the appellant to compensation for fifty weeks. This would approximate the period of time Dr. Eichman testified the appellant's condition would exist after payment. On this theory the appellant has been overcompensated and was not prejudiced by the award.

The appellant argues that the *Johnson Case, supra,* is controlling. We disagree. In the *Johnson Case* there was an issue made on traumatic neurosis before the Industrial Commission. That case did not involve compensation neurosis or conversion hysteria. The traumatic neurosis was of such a nature and the medical testimony was to the effect that the neurosis could be cured by psychiatric treatments. In the instant case there is no medical testimony that the type of neurosis the appellant is claimed to have can be cured by any psychiatric therapy. There is no healing period analogous to that for a physical injury.

Whether the appellant relies on the theory of mental injury or physical injury, before she can obtain a reversal she must be aggrieved by the action of the commission. Secs. 102.23 (1) and 102.25 (1), Stats. *McCune v. Industrial Comm.* (1952), 260 Wis. 499, 50 N. W. (2d) 683; *Polzin v. Industrial Comm., supra.* As an additional ground for affirmance the attorney general argues the issue of mental injury is not properly before this court.

The appellant's case was tried before the commission and appealed to the circuit court solely on the issue of 90 per cent permanent physical disability based on the testimony of Dr. Stebbins. There was no issue of fact created by the pleadings on conversion hysteria, nor was the case tried on that theory. This court on appeal will not consider issues beyond those which were properly before the court below. This rule is applicable to determinations made by the Industrial Commission. *Borum v. Industrial Comm.* (1959), 6 Wis. (2d) 168, 93 N. W. (2d) 860. The only error assigned prior to this appeal was the extent of the disability of the appellant caused by physical injury.

The appellant has the burden of proving that the findings justified an allowance of a percentage greater than the five per cent permanent disability. *Soper v. Industrial Comm.* (1958), 5 Wis. (2d) 570, 93 N. W. (2d) 329, and cases therein cited; *Wagner v. Industrial Comm.* (1956), 273 Wis. 553, 79 N. W. (2d) 264, 80 N. W. (2d) 456. In addition to the difficulty of sustaining the five per cent on the record, the claimant has not met the burden of establishing beyond legitimate doubt that she was entitled to compensation based on a greater percentage of permanent disability.

Because the appellant has not met the burden of proof of justifying an award greater than five per cent permanent disability and has shown no prejudice and the only party aggrieved by such an award is not complaining, this court cannot reverse and remand the case to enable the appellant to retry it on a different theory than that upon which it was originally tried. *General Electric Co. v. Wisconsin E. R. Board* (1958), 3 Wis. (2d) 227, 88 N. W. (2d) 691. We therefore must allow the award to stand.

*By the Court.*—Judgment appealed from is affirmed.