RAYMOND FUNAIOLI *v.* CITY OF
NEW LONDON ET AL.
(AC 19747)

Foti, Spear and Mihalakos, Js.

Argued September 28—officially released December 19, 2000

*Dominic S. Piacenza*, for the appellant (plaintiff).

*David C. Davis*, for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Raymond Funaioli, appeals from the decision of the workers' compensation review board (board) affirming the commissioner's dismissal of his claim for permanent partial disability benefits. The plaintiff argues that the board improperly affirmed the decision of the commissioner because the commissioner, contrary to law, ignored uncontradicted expert testimony establishing that a prior, work-related psychological injury was a substantial factor in causing the plaintiff's permanent partial disability of the brain. We disagree and affirm the decision of the board.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff, during the six months preceding June 18, 1992, sustained a work-related psychological injury while employed as a New London police officer. On June 18, 1992, the plaintiff took a leave of absence on the recommendation of psychologist Robert D. Meier. On December 13, 1995, the commissioner found that the plaintiff had suffered a single episode of major depression and awarded him

temporary partial disability benefits.[1] The commissioner also found that the plaintiff's depression was in full remission as of November 25, 1992. Neither party sought review of that decision.

The plaintiff later sought permanent partial disability benefits,[2] claiming that he sustained a permanent loss of brain function attributable to his 1992 injury. At the hearing before the commissioner, the plaintiff called two experts to testify, including his treating psychiatrist, Edward W. Allen.

Allen testified that the plaintiff suffered from a permanent partial loss of brain function that was "causally related" to the plaintiff's 1992 injury. Allen also testified that anxiety caused by the pendency of the workers' compensation proceedings was a "substantial factor in causing or prolonging" the plaintiff's loss of brain function.[3] During the defendant's cross-examination of

[1] Prior to July 1, 1993, mental disorders unaccompanied by physical trauma to the body were compensable under the Workers' Compensation Act. See General Statutes (Rev. to 1993) § 31-275 (16) (B) (iii), as amended by Public Acts 1993, No. 93-228, § 1; *Tartaglino* v. *Dept. of Correction*, 55 Conn. App. 190, 194 n.2, 737 A.2d 993, cert. denied, 251 Conn. 929, 742 A.2d 364 (1999); see also *Crochiere* v. *Board of Education*, 227 Conn. 333, 363, 630 A.2d 1027 (1993).

[2] See General Statutes (Rev. to 1991) § 31-308 (d), now (c), as amended by Public Acts 1991, No. 91-32, § 26, which provides: "In addition to compensation for total or partial incapacity, or for a specific loss of a member or loss of use of the function of a member of the body, the commissioner may award compensation as he deems just for the loss or loss of use of the function of any organ or part of the body not otherwise provided for in this section, taking into account the age and sex of the claimant, the disabling effect of the loss of or loss of function of the organ involved and the necessity of the organ or complete functioning of the organ with respect to the entire body. The commissioner may not award more than the sum equivalent to compensation for seven hundred and eighty weeks under this subsection."

[3] The plaintiff's permanent loss of function is not compensable insofar as it was caused by the pendency of workers' compensation proceedings. "A mental state or nervous disturbance caused merely by the pendency of compensation proceedings is even less necessarily referable to the injury. *Coffey* v. *Coffey Laundries, Inc.*, 108 Conn. 493, 496, [143 A. 880 (1928)]." *Kowalski* v. *New York, N. H. & H. R. Co.*, 116 Conn. 229, 236, 164 A. 653 (1933).

Allen, however, a letter from Allen to the plaintiff's attorney, in which Allen attributed the current injury solely to the stress of the workers' compensation proceedings, was admitted into evidence without objection. The letter, dated December 10, 1993, stated in relevant part: "On 11-4-93, I received a call from Dr. Robert Meier, asking me to again see Raymond Funaioli, who had been seeing him for psychotherapy. Dr. Meier felt the patient had become depressed in response to continuing stress and might need medication therefore.

\* \* \*

"The recurrence of the depression at this time, despite ongoing psychotherapeutic preventative support by Dr. Meier, is, I believe, due to a new, additional, and building stressor.

"That stressor is the nonresolution, the uncertainty, the frustrations of waiting, the emotional replay of past traumatic events, relating to his pending, unsettled, claims.

"In my past experience with others, long drawn out, unsettled claims can, through uncertainty and painful recall, become a new stressor of sufficient magnitude to aggravate or bring return of an emotional disorder. I believe this applies to Mr. Funaioli.

"Accordingly, I urge those of you involved with Mr. Funaioli's claims to work for prompt closure. Meantime, I expect his antidepressant and antianxiety medication as well as his weekly psychotherapy will help with the emotional distress and will adjunctively help with his antihypertension medication regimen."

On May 8, 1998, the commissioner dismissed the claim. In her finding and dismissal, the commissioner stated in relevant part:

"CONCLUSION

"1. To the extent the [plaintiff] has anger, depression and anxiety, these conditions are not compensable because they are substantially related to his reaction to the workers' compensation claims process itself, as opposed to the June 18, 1992 injury. The [plaintiff] has had separate formal proceedings regarding his heart and hypertension claim, which was rejected on appeal to the compensation review board and is now on appeal before the Appellate Court.

"2. It is undisputed that the [plaintiff's] original diagnosis of major depression, single episode, was in full remission by November 22, 1992. The [plaintiff] had been away from the city of New London police force for over five months and was symptom-free. (December 13, 1995 Finding and Award of Commissioner A. Thomas White, Jr.)

"3. In fact, the [plaintiff] did not require additional psychiatric treatment until more than a year later for [a] 'new, additional and building stressor caused by the nonresolution, uncertainty, the frustrations of waiting, the emotional replay of past traumatic events relating to his *pending unsettled claims*' per his *treating* psychiatrist, Dr. Allen. It is this subsequent condition relating to his two workers' compensation claims which has precipitated this claim for permanent loss of use of the brain. A mental state or nervous disturbance caused merely by the pendency of compensation proceedings is even less necessarily referable to the injury.

"4. Dr. Allen testified that the [plaintiff's] mental condition in November, 1993, and thereafter was substantially related to the *processing* of his workers' compensation claims and with the fact that the claims were not moving along as quickly as he wished. Thus, it is clear that the [plaintiff's] mental condition, at least as of November, 1993, and continuing, is unrelated to

the compensable single episode of depression occurring in 1992." (Emphasis in original.)

We begin our analysis "by noting that traditional concepts of proximate cause furnish the appropriate analysis for determining causation in workers' compensation cases." *Dixon* v. *United Illuminating Co.*, 57 Conn. App. 51, 60, 748 A.2d 300, cert. denied, 253 Conn. 908, 753 A.2d 940 (2000), citing *Besade* v. *Interstate Security Services*, 212 Conn. 441, 449, 562 A.2d 1086 (1989); *McDonough* v. *Connecticut Bank & Trust Co.*, 204 Conn. 104, 118, 527 A.2d 664 (1987). " '[T]he test for determining whether particular conduct is a proximate cause of [a permanent partial loss of function is] whether it was a substantial factor in producing the result.' " *Dixon* v. *United Illuminating Co.*, *supra*, 60, quoting *Paternostro* v. *Arborio Corp.*, 56 Conn. App. 215, 222, 742 A.2d 409 (1999), cert. denied, 252 Conn. 928, 746 A.2d 788 (2000). A commissioner's conclusion as to whether employment was a substantial factor in causing a permanent partial loss of function is afforded deference similar in degree to that afforded a conclusion by a trial judge or jury on an issue of proximate cause. *Pereira* v. *State*, 228 Conn. 535, 544, 637 A.2d 392 (1994), citing *Crochiere* v. *Board of Education*, 227 Conn. 333, 347, 630 A.2d 1027 (1993). Therefore, a commissioner's conclusion that a plaintiff's employment was not a substantial factor in causing the plaintiff's permanent partial loss of function is conclusive, provided it is supported by competent evidence and is otherwise consistent with the law. *Pereira* v. *State*, supra, 544, citing *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539, 542 A.2d 1118 (1988).

In the present case, even if we assume that the plaintiff proved that he suffered a permanent partial loss of brain function, the commissioner, nevertheless, had before her competent evidence indicating that a stressor unrelated to the plaintiff's 1992 work-related injury

was the sole substantial factor in causing his loss. Allen, in his letter dated December 10, 1993, states that the recurrence of the plaintiff's depression was due to anxiety over his pending workers' compensation claims; he did not even allude to the possibility of other causes. That letter, which was written by Allen while he was the plaintiff's treating psychiatrist, constitutes competent evidence, and it supports the commissioner's conclusion that the plaintiff's litigation anxiety was the sole substantial factor in causing the recurrence of his depression and his subsequent loss of brain function. See *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 118, 411 A.2d 924 (1979) (court "cannot review the conclusions of the commissioner when these depend upon . . . the credibility of witnesses"). From this evidence, it necessarily follows that the commissioner properly concluded that the plaintiff's 1992 work-related injury was not a substantial factor in his loss of brain function. The commissioner's conclusion regarding causation is supported by competent evidence and is otherwise consistent with the law. Accordingly, we conclude that the board properly affirmed the commissioner's dismissal of the plaintiff's claim.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.