WEIBEL, Appellant, v. CLARK, d/b/a The Clark Building, and another, Respondents.

Supreme Court

*No. 76–455. Submitted on briefs January 31, 1979.—Decided February 27, 1979.*
(Also reported in 275 N.W.2d 686.)

For the appellant the cause was submitted on the brief of *Robert E. Sutton* of Milwaukee.

For the respondent Emory T. Clark, d/b/a The Clark Building the cause was submitted on the brief of *Don S. Peterson* and *Whyte & Hirschboeck, S. C.,* of Milwaukee.

For the respondent Department of Industry, Labor and Human Relations the cause was submitted on the brief of *Uclair W. Brandt,* chief counsel, and *James L. Pflasterer,* attorney, Job Service Division.

CONNOR T. HANSEN, J. The issues on appeal are:

1. Whether the department's failure, prior to the hearing, to apprise the appellant of the specific act of misconduct charged by the employer resulted in a denial of due process and prejudice to the appellant?

2. Whether the circuit court erred when ruling on the issue of the department's alleged denial of appellant's request to review the file prior to the hearing?

The appellant was discharged from his employment on March 20, 1975, by Stephen D. Burton, general manager of the Clark Building. The appellant inquired as to the reason for his discharge and Burton told him it was because he had been stealing candy from Heinemann's Restaurant, a tenant in the building.

On May 22, 1975, the appellant and his lawyer appeared before an adjudicator for the department. The appellant addressed this allegation of stealing in a written statement and acknowledged that Burton had

told him at the time of his discharge that Levi and Burns, officials of Heinemann's, said the stolen items were candy.

The department denied unemployment compensation in its initial determination on the ground of misconduct. The appellant requested a hearing which was held on August 8, 1975.

At the beginning of the hearing appellant's counsel objected to the proceedings on the ground that, despite requests, appellant had not been informed of the exact nature of the reason for his discharge. He requested that the hearing be adjourned following the presentation of the employer's evidence. The examiner agreed to rule on this motion at that time.

The employer presented evidence that appellant had been discharged for stealing candy of the approximate value of $40 or $50 from a building tenant, Heinemann's Restaurant. Terry Parks, a cook at Heinemann's, testified that on March 19, 1975, about 6 a.m., as she was arriving at work, she saw appellant, through the restaurant window. She said he was standing at the candy counter near the cash register taking chocolate Easter eggs and stuffing them into his shirt. She said it was daylight and that the lights were on inside the restaurant. She reported the incident to the restaurant manager, Kathleen Hanson. Mrs. Hanson reported the incident to Edward H. Levi. She said the following day appellant came to her, admitted taking the candy, said he was sorry and asked her to get his job back. She said she had talked to him several times previously about taking things and had had his key taken from him at one time.

John Burns, vice-president of Heinemann's, said appellant approached him after he was fired and asked for another chance. He testified appellant's key to the restaurant had been taken away two years before for

stealing. Edward H. Levi testified that after Mrs. Hanson notified him of this incident he called Burton, the building's general manager. He said several years before he had asked to have appellant's key taken away, and that appellant came to him several days after he reported this incident to Burton and said he had been fired for stealing candy Easter eggs from the restaurant and that he (Levi) should go to bat for him and get his job back.

Stephen D. Burton testified he had never confronted appellant about the previous complaints about his stealing but had instead changed the restaurant's locks so his key didn't work. He said Levi called him about this incident and he discharged appellant the following day, and that he told appellant he was being discharged for stealing from Heinemann's.

At the conclusion of the employer's testimony the appellant's counsel again said that he was not ready to proceed because he did not know the nature of the misconduct prior to the hearing. The hearing examiner denied appellant's motion to adjourn because the testimony indicated that appellant was aware he had been discharged for stealing candy from Heinemann's.

Appellant testified that he had been in the restaurant that morning fixing the counter stools. He said no lights were on in the restaurant. He denied taking any candy. He said Burton told him $40–$50 worth of candy had been stolen; that he didn't know what candy was taken, when or how it was taken or who was supposed to have seen him. He and another maintenance man testified to various occasions on which they had been offered food by the restaurant, and that they had never been told it was wrong to accept these offers.

After this hearing the appeal tribunal decision affirmed the initial determination. The decision was af-

firmed again on commission review, and the circuit court entered judgment confirming the determination of the department.

Appellant contends that the department's failure to apprise him of the specifics behind the charge of misconduct impaired his ability to meet those charges with competent evidence thus resulting in a deprivation of due process.

It is undisputed that the initial determination and hearing notice informed the appellant that he had been discharged for misconduct. Sec. 108.09(2)(d), Stats., requires the department to mail each party a copy of its determination. The Wis. Admin. Code Ind-UC 140.05(2), (3), require the hearing notice to give the time and place of the hearing and to "concisely set forth the issues." The initial determination in this case and the notice of hearing are certainly a most literal compliance with the statutes and the Admin. Code. In many instances they would probably be insufficient to afford the claimant due notice of the charges against him.

This court has recognized that the following due process rights must be accorded in any quasi-judicial administrative action: (1) The right to seasonably know the charges; (2) the right to meet the charges by competent evidence; and (3) the right to be heard by counsel. *State ex rel. Messner v. Milw. Co. Civil S. Comm.*, 56 Wis.2d 438, 444, 202 N.W.2d 13 (1972). In *Messner* the court said any notice must be reasonably calculated to apprise the party of the action and to afford him an opportunity to present objections. *Id.* However, Messner did not charge the agency there with failing to apprise him of the acts he committed, but of the work rule he violated.

*State ex rel. Richey v. Neenah Police & Fire Comm.,*
48 Wis.2d 575, 180 N.W.2d 743 (1970), was cited in
*Messner* as a case involving a lack of particularization
of the acts charged. In *Richey* the court said a notice
which indicated that on a particular date, at a specified
time, the party conducted himself in a manner un-
becoming a police officer was not vague. The court
stated that such a notice did not have to be technically
drawn or meet the requirements of a criminal indict-
ment.

In *State ex rel. DeLuca v. Common Council,* 72 Wis.2d
672, 242 N.W.2d 689 (1976), the court said a minimum
due process requirement was timely and adequate notice
of the reasons for discharge. The charge in *DeLuca*
enumerated 16 separate items which the appellant
answered prior to the hearing. The court said this
answer was strong evidence of his ability to respond
to the charges. The court further stated that the appel-
lant had made no attempt to show that his ability to
defend himself had been impaired by the insufficiency of
the charges.

The United States Supreme Court has held that the
right to be heard has little meaning unless one is
given adequate notice of the charges to be considered
at the hearing. *Walker v. Hutchinson,* 352 U.S. 112, 115
(1956) ; *Mullane v. Central Hanover Trust Co.,* 339 U.S.
306, 314 (1950). In *Morgan v. United States,* 304
U.S. 1 (1937), the Court said a notice must do more
than just inform a party that a hearing is scheduled:

". . . The right to a hearing embraces not only the
right to present evidence but also a reasonable oppor-
tunity to know the claims of the opposing party and
to meet them. The right to submit argument implies
that opportunity; otherwise the right may be but a
barren one. Those who are brought into contest with
the Government in a quasi-judicial proceeding aimed at
the control of their activities are entitled to be fairly

advised of what the Government proposes and to be heard upon its proposals before it issues its final command." *Id.* at 18, 19.

The due process requirements set out in *Morgan* were adopted by this court in *Folding Furniture Works v. Wisconsin L. R. Board,* 232 Wis. 170, 191, 285 N.W. 851, 286 N.W. 875 (1939).

In *Keller v. Fochs,* 385 Fed. Supp. 262 (E.D. Wis. 1974), a case involving a student who had been expelled, the court said, at page 265:

". . . Even in that situation wherein a student unequivocally admits the conduct charged at an expulsion hearing, and procedural protections thus serve a more limited function in terms of insuring a fair and reliable determination of the retrospective factual question of guilt of the conduct charged, the Seventh Circuit Court of Appeals will look to the existence of adequate notice of the charges and sufficient opportunity to prepare for the hearing on review of alleged due process violations. Betts v. Board of Education of City of Chicago, 466 F.2d 629, 633 (7th Cir., 1972). . . ."

In *Betts* the court said that even where the party unequivocally admitted the misconduct she had a right to present a mitigative argument with regard to the punishment imposed. The court then found that the plaintiff there had received adequate notice of the charges and had sufficient opportunity to prepare for the hearing.

Applying the foregoing standards and precedents to the instant case, the record reflects that the initial determination by the deputy and the subsequent notice of the hearing stated that the appellant had been denied unemployment compensation because of "misconduct" and that such was the issue at the hearing.

We agree with the finding of the trial court which stated:

"If this were the entire record with respect to apprising the employee of the charges against him which were claimed to be misconduct, the Court would without hesitation determine there was a denial of due process. But this is not the entire record."

Despite the apparent inadequacy of the notice the appellant can only prevail if he shows that he has been prejudiced as a result of such notice.

The scope of review of unemployment compensation decisions is defined by statute. Sec. 108.09 (7) (b), Stats., limits the scope of review to questions of law and adopts the judicial review provisions of chapter 102. Sec. 102.23 (2), provides that the court may set aside a department order only if the department has acted in excess of its powers, the order has been procured through fraud or the findings of fact do not support the order. A proceeding conducted in disregard of procedural safeguards has been held to be an action in excess of the department's powers. *State ex rel. Madison Airport Co. v. Wrabetz,* 231 Wis. 147, 155, 285 N.W. 504 (1939). However, sec. 102.23 (2) says:

"*(2)* Upon the trial of any such action the court shall disregard any irregularity or error of the department unless it be made to affirmatively appear that the plaintiff was damaged thereby."

The appellant has the burden of showing he has been prejudiced by the department's action. *Theodore Fleisner, Inc. v. ILHR Department,* 65 Wis.2d 317, 329, 330, 222 N.W.2d 600 (1974); *Kessler v. Industrial Comm.,* 27 Wis.2d 398, 403, 134 N.W.2d 412 (1965); *Gallagher v. Industrial Comm.,* 9 Wis.2d 361, 368, 101 N.W.2d 72 (1960); *Folding Furniture Works, supra,* at 191.

The department found, based on the written statement signed by appellant when he filed his claim and

on the testimony given at the hearing, that appellant knew he had been fired for stealing candy from Heinemann's. The department and the circuit court concluded that appellant could not be prejudiced by the department's failure to apprise him of something he already knew.

The department's findings of fact are conclusive on review where they are supported by any credible evidence on the record as a whole. *McGraw-Edison Co. v. ILHR Department*, 64 Wis.2d 703, 709, 221 N.W.2d 677 (1974). The finding that appellant knew he had been fired for stealing candy from Heinemann's is amply supported by the evidence, including his own testimony and the written statement he filed with his application for benefits. Clearly appellant was not prejudiced by the department's failure to notify him of this much.

The only question that remains is whether he was prejudiced by the department's failure to tell him, in advance of the hearing, who saw him take the candy and when. In *Fleisner, supra*, at 330, this court said in order to determine whether the party was prejudiced it had to know what evidence he would have offered. Appellant contends he could have produced impeachment evidence as to whether it was daylight when Miss Parks saw the appellant. As the circuit court correctly pointed out, lighting outside the restaurant was not important, lighting inside was. Appellant also contends that if he had known the hearing would turn on credibility he could have obtained a stipulation to use polygraph evidence. The appellant knew he was accused of stealing the property of Heinemann's and his defense was a denial of the charge. Obviously the issue at all times was one of credibility. There is no indication in the record that appellant ever offered to take a polygraph exam, or that the employer or the department would have agreed to such a procedure.

At the commission and circuit court levels appellant had the advantage of having heard the employer's entire case yet he failed to point to a single piece of material evidence he was prevented from producing as a result of the insufficient notice. Appellant was prepared for the hearing to the extent that he was able to explain why he was in the restaurant that morning, state that the lights were off and deny that he passed Miss Parks on the steps that morning. He was able to relate, in detail, earlier incidents in which Heinemann's employees had offered him milk or coffee. His counsel presented another witness who also testified about being offered food. It appears appellant was well prepared to defend this particular incident of misconduct. The only thing he didn't know in advance was who saw him. There is no due process right which requires the commission to list the witnesses in the notice of hearing.

Appellant also contends that the department denied him access to its file prior to the hearing. The appellant contends that the circuit court erred in its ruling on this issue.

At the hearing appellant's counsel made no mention of an attempt to review the department's file. The first mention of such an attempt was made in the complaint filed with the circuit court in January, 1976, which alleged:

"7. Although due demand was made said examiner failed and refused to inform the Plaintiff prior to said hearing of the underlying basis of the employer's allegations contrary to IND. U.C. 140.05(3)(4) Wisconsin Administrative Code, Sec. 227.07, 227.08, 227.09, 227.10 Wisconsin Statutes; and the Fifth Amendment of the Constitution of the United States as made applicable through the Fourteenth Amendment of the Constitution of the United States."

. This allegation in the complaint filed in the circuit court is supported by an affidavit of a law partner of counsel for appellant. This affidavit, dated November 2, 1976, states that several days prior to the hearing he observed appellant's counsel call the hearing examiner and request a list of witnesses, the name of opposing counsel and the department's file. He stated that these requests were refused.

In response to this allegation in the complaint an affidavit of the hearing examiner was filed with the circuit court which stated that he had no recollection or record of a telephone call from appellant's counsel requesting information about the case prior to the hearing. He also stated that he always followed department policy in allowing parties to review the file.

The circuit court refused to consider this issue, explaining:

"The case of *State ex rel. Madison Airport Co. v. Wrabetz,* supra, sets forth the proper procedure to be followed in a situation of this kind where an issue of procedural due process is asserted with respect to facts that do not appear in the record in a worker's compensation, or unemployment compensation, proceeding. That procedure is for the reviewing court to take evidence on the issue. However, this Court does not perceive it to be its duty to do this in the absence of any request made prior to the hearing that it do so. No such request was made. The Court does not deem it would be proper to try such an issue by affidavits. Therefore, the Court declines to consider the issue of whether plaintiff's counsel requested an opportunity to inspect the file and such request was denied."

There is no statute or regulation requiring the department to allow the parties to review the file. Assuming that appellant was refused access to the file the ultimate issue would be the same: Was he prejudiced by the department's error? If appellant's counsel had viewed

the file prior to the hearing he would have been able to read a letter from the employer which gave the date and time (6 to 8 a.m.) of the incident and Miss Parks' name. For the reasons stated above, appellant has not shown that he was prejudiced by not being given this information prior to the hearing.

*Wrabetz, supra,* involved an allegation that the commission members had ruled without reading the hearing transcript or otherwise considering the evidence it contained. Obviously if this litigation was true the plaintiff would be prejudiced by such an agency action. This court there held that it would be necessary for the trial court to take evidence on the issue. This is not such a case.

The general rule is that, in the absence of fraud, evidence will not be taken in the circuit court when reviewing the department's orders. *International Harvester Co. v. Industrial Comm.,* 157 Wis. 167, 172, 147 N.W. 53 (1914). A party is precluded from offering evidence he failed to offer before the commission. *Id.* The department's alleged failure to allow appellant's counsel to review the file prior to the hearing was not mentioned at the hearing or before the commission.

The circuit court did not err in refusing to further consider this issue.

*By the Court.*—Judgment affirmed.