STATE EX REL. David HENNEKENS,
Petitioner-Appellant-Petitioner,

v.

CITY OF RIVER FALLS POLICE & FIRE COMMISSION,
Respondent-Cross-Petitioner.†

Supreme Court

*No. 83–1894. Argued May 28, 1985.—Decided June 24, 1985.*

(Also reported in 369 N.W2.d 670.)

† Motion for reconsideration pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

414

For the petitioner-appellant-petitioner there were briefs by *Linda S. Vanden Heuvel* and *Vanden Heuvel Law Offices,* Milwaukee, and oral argument by *Randall Schneider,* Milwaukee.

For the respondent-cross-petitioner there were briefs by *Stuart J. Krueger* and *Bye, Krueger & Goff, S.C.,* River Falls, and oral argument by *Stuart J. Krueger.*

WILLIAM G. CALLOW, J. This is a review of an unpublished decision of the court of appeals which affirmed in part and reversed in part a judgment of the Pierce county circuit court, Judge William E. McEwen, and remanded the matter to the circuit court. We affirm the court of appeals in part, reverse in part, and remand the cause to the circuit court.

On May 20, 1982, the chief of police suspended David Hennekens for thirty days without pay from his position as a police officer for the city of River Falls. The suspension resulted from alleged violation of three of the River Falls Police Department rules.[1] Hennekens requested a hearing on his suspension before the River Falls Police and Fire Commission (Commission). On June 14, 1982, amended charges were filed against Hennekens by the Chief of Police. The amended charges alleged that Hennekens had committed five violations of police department rules.[2]

The first charge stated that Hennekens had left his assigned post of duty without authorization and had entered a meeting of the police and fire commission, car-

---

[1] Two of the original charges dealt with Hennekens' association with a known criminal. The third charge alleged that Hennekens had failed to perform his duties by failing to secure places of business within his patrol area.

[2] The five amended charges incorporated the three charges originally filed against Hennekens.

rying a recording device which was not for departmental use. The second and third charges stated that Hennekens had failed to conform to work standards established for his position in that he had failed to identify unlocked doors on his foot patrol beat.[3] The fourth charge alleged that Hennekens had continuous associations with a person he knew or should have known was under criminal investigation and/or who had a reputation in the community or police department for present involvement in felonious or criminal behavior. The fifth charge alleged that Hennekens had divulged information to persons not connected with the police department.

On July 13, 1982, a hearing on the charges was held before the River Falls Police and Fire Commission. The first charge, which alleged that Hennekens had left his post of duty without authorization, was not sustained. The Commission did sustain the other four charges and ordered that Hennekens be removed from the department.

Hennekens filed an appeal in Pierce county circuit court from the Commission's decision pursuant to sec. 62.13(5)(i), Stats. The sole issue to be determined by the circuit court on the appeal was: Upon the evidence was the order of the Commission reasonable? The circuit court found the Commission's order to be reasonable.

On January 13, 1983, Hennekens brought a writ of certiorari before the Pierce county circuit court. An order quashing the writ of certiorari was filed on March 29, 1983. On August 17, 1983, the court issued its findings of fact, conclusions of law, and judgment in the matter. The court found that the Commission had acted within its jurisdiction and according to law; that

---

[3] One of Hennekens' duties while on foot patrol was to check to see that doors of business establishments were locked. If a door was found unlocked, he was to secure it and note the location on his daily report.

its action was not arbitrary, oppressive, or unreasonable; and that there was evidence which, if the Commission believed it, would support the Commission's order.

Hennekens appealed the circuit court's decision quashing the writ of certiorari to the court of appeals. The court of appeals found that the Commission had failed to act in accordance with due process guarantees as to the fifth charge, which dealt with divulging information, in that the charge failed to give Hennekens adequate notice of his alleged violation. The court of appeals, therefore, reversed the circuit court's judgment as it pertained to the fifth charge and affirmed the circuit court as to the second, third, and fourth charges. The court of appeals noted it could not assume that a finding on charges two, three, and four alone would have resulted in Hennekens' dismissal. Thus, it remanded the matter to the circuit court with directions to remand it to the Commission for a redetermination of the penalty.

Hennekens petitioned this court for review of that portion of the court of appeals' decision which upheld the three charges against him. The Commission filed a cross-petition seeking review of that portion of the court of appeals' decision which held that the fifth charge did not comport with due process guarantees. We granted both the petition and the cross-petition.

We note at the outset that this matter is properly before this court on the common law writ of certiorari. We have, in previous cases, stressed the limited nature of the writ.

"Where the legislature provides for a final and conclusive judicial review of the action of a board, commission or other non-judicial body, the courts have jurisdiction to review by certiorari only those strictly legal questions which were not or could not have been raised by way of the judicial review proceeding pro-

vided by the legislature." *State ex rel. Kaczkokski v. Fire & Police Comm.*, 33 Wis. 2d 488, 500, 148 N.W.2d 44, 149 N.W.2d 547 (1967).

The general scope of review pursuant to the writ of certiorari is limited to whether a board: (1) acted within its jurisdiction; (2) proceeded on a correct theory of law; (3) was arbitrary, oppressive, or unreasonable; or (4) might have reasonably made the order or finding that it made based on the evidence. *State ex rel. Smits v. City of De Pere*, 104 Wis. 2d 26, 31, 310 N.W.2d 607 (1981). Because sec. 62.13 (5) (i), Stats., provides for review based on the issue of whether the board acted reasonably, our scope of review is narrowed, and the issues presented in this action are whether the Commission kept within its jurisdiction and whether it proceeded on a correct theory of the law. 104 Wis. 2d at 32.

Hennekens first argues that he was denied due process because several of the rules which he was charged with violating are unconstitutionally vague and overbroad. The specific rules which he challenges as vague are as follows:

"1.02. Unbecoming Conduct. Officers shall conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably on the Department. Conduct unbecoming an officer shall include that which brings the Department into disrepute or reflects discredit upon the officer as a member of the Department, or that which impairs the operation or efficiency of the Department or officer.

"1.11. Unsatisfactory Performance. Officers shall maintain sufficient competency to properly perform their duties and assume the responsibilities of their positions. Officers shall perform their duties in a manner which will maintain the highest standards of efficiency in carrying out the functions and objectives of the Department. Unsatisfactory performance may be demonstrated by a lack of knowledge of the applications of laws required to be inforced [sic]; an unwillingness

or inability to perform assigned tasks; the failure to conform to work standards established for the officer's rank, grade, or position; the failure to take appropriate action on the occasion of a crime, disorder, or other condition deserving police attention; or absence without leave. In addition to other indicia of unsatisfactory performance: repeated poor evaluations or a written record of repeated infractions of rules, regulations, directives or orders of the Department.

"1.27. Associations. Officers shall avoid regular or continuous associations or dealings with persons whom they know, or should know, are persons under criminal investigation or indictment, or who have a reputation in the community or the Department for present involvement in felonious or criminal behavior, except as necessary to the performance of official duties, or where unavoidable because of other personal relationships of the officers."

The concept of vagueness rests on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication. *State v. Courtney,* 74 Wis. 2d 705, 709, 247 N.W.2d 714 (1976). We have framed the inquiry as:

". . . Is the statute read as a whole so indefinite and vague that an ordinary person could not be cognizant of and alerted to the type of conduct, either active or passive, that is prohibited by the statute?" *State v. Woodington,* 31 Wis. 2d 151, 181, 142 N.W.2d 810, 143 N.W.2d 753 (1966).

A fair degree of definiteness is all that is required to uphold a statute or regulation, and a statute or regulation will not be voided merely by showing that the boundaries of the area of proscribed conduct are somewhat hazy. *State v. Courtney,* 74 Wis. 2d at 710–11.

". . . Before a . . . rule may be invalidated for vagueness, there must appear some ambiguity or uncertainty in the gross outlines of the duty imposed or conduct

prohibited such that one bent on obedience may not discern when the region of proscribed conduct is neared, or such that the trier of fact in ascertaining guilt or innocence is relegated to creating and applying its own standards of culpability rather than applying standards prescribed in the . . . rule." *Id.* at 711.

We find that rules 1.02, 1.11, and 1.27 are sufficiently definite so as to survive Hennekens' vagueness challenge.

Hennekens also contends that rule 1.27 is overbroad. A rule is overbroad when its language, given its normal meaning, is so sweeping that its sanctions may be applied to conduct which the state is not permitted to regulate. *Milwaukee v. Wilson*, 96 Wis. 2d 11, 19, 291 N.W.2d 452 (19ξ ). We reject Hennekens' argument that rule 1.27 is overbroad. The rule does not contain such sweeping prohibitions against associations so as to render it unconstitutionally infirm.

Hennekens also asserts that he was denied due process as a result of the procedures followed at the hearing before the police and fire commission. Specifically, he contends that he was denied the opportunity to effectively confront and cross-examine witnesses; he was denied discovery; opposing counsel continually asked leading questions; and the hearing was not held before an impartial decision maker. We find no merit in any of these contentions.

Hennekens was able to confront and cross-examine witnesses. Although the Commission heard evidence on each of the five charges separately, Hennekens had the opportunity to question each witness. Hennekens argues that the Commission committed error by receiving a certain document into evidence which was irrelevant and unfairly prejudicial. We find that any error which may have resulted from the admission of the document

was harmless. We also find that the police department counsel's use of leading questions did not result in an unfair hearing. Finally, we reject Hennekens' argument that the suspension hearing was not held before an impartial decision maker. This argument stems from the fact that the attorney for the police and fire commission, who acted as legal officer at the hearing, had originally been selected to represent the police department and present the case against Hennekens. While we have previously stated that due process is violated in circumstances where the decision maker has previously acted as counsel to any party in the same action, *Guthrie v. WERC*, 111 Wis. 2d 447, 460, 331 N.W.2d 331 (1983), in this action there is no evidence that the attorney for the Commission ever acted as police department counsel.

Hennekens further contends that he was deprived of due process in that the charges against him lacked sufficient detail to allow him to prepare an adequate defense.

> ". . . The notice requirement of due process cannot be defined with any 'rigid formula.' *Walker v. Hutchinson City* (1956), 352 U.S. 112, 115, 77 Sup. Ct. 200, 1 L. Ed. 2d 178. *Mullane v. Central Hanover Trust Co.* (1950), 339 U.S. 306, 70 Sup. Ct. 652, 94 L. Ed. 865, stressed the reasonableness requirement of notice and stated (p. 314) that the notice requirement is such that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *State ex rel. Messner v. Milwaukee County Civil Service Comm.*, 56 Wis. 2d 438, 444, 202 N.W.2d 13 (1972).

The Commission sustained charges two, three, four, and five. Charges two and three dealt with Hennekens' failure to identify unlocked doors on his beat. Hennekens claims that the failure of the charges to specify which doors were left open denied him an adequate op-

portunity to investigate his alleged misconduct. The record indicates that Hennekens was informed of the location of the unlocked doors. We find that charges two and three were sufficiently detailed.

Charge four dealt with Hennekens' alleged association with a person under criminal investigation or who had a reputation in the community or the police department for present involvement in criminal behavior. Hennekens argues that charge four failed to provide him with sufficient notice since it did not identify the alleged associate. Again, the record indicates that Hennekens was informed of the associate's name by the chief of police. Charge four was sufficiently specific.

However, our examination of the record reveals an infirmity in the Commission's sustaining of charge four. The police department rule allegedly violated in charge four prohibits officers from engaging in regular or continuous associations "with persons whom they know, or should know, are persons under criminal investigation or indictment, or who have a reputation in the community or the department for present involvement in felonious or criminal behavior." The record is clear that the individual in question had no adult criminal record. He did have a juvenile record for acts occurring prior to 1978 and had been convicted of a traffic ordinance violation as an adult. At Hennekens' suspension hearing, several police officers testified that it was their belief that the individual did have a reputation in the community for present involvement in criminal behavior. The chief of police testified that the individual had been under investigation for selling stolen merchandise. The chief of police also testified that he was careful not to tell Hennekens about the investigation for fear the information might get back to the individual. It was not until the time Hennekens was suspended that the police chief told him about the investigation. Hennekens, in

unrefuted testimony, stated that he had seen a computer printout showing that the individual had a clear record. Hennekens also stated that he believed the person had a good reputation in the community.

We conclude the record reveals that no evidence was presented to support a finding that Hennekens violated the police department rule against unsavory associations. The individual involved had, in fact, no criminal record, and the police chief admitted he had purposely not told Hennekens about any investigation concerning the conduct of the individual involved. We are cognizant that our function in reviewing a writ of certiorari is not to rule on the sufficiency of the evidence presented at the suspension hearing. Rather, we review only whether the Commission acted within its jurisdiction and proceeded on a correct theory of law. However, the question of whether the facts in a particular case fulfill a particular legal standard is a question of law. *Department of Revenue v. Exxon Corp.*, 90 Wis. 2d 700, 713, 281 N.W.2d 94 (1979). The legal standards applicable to charge four were: Did Hennekens know or should he have known that (1) the individual involved was under criminal investigation or indictment, or (2) the individual had a reputation in the community or police department for involvement in criminal behavior? We find that the facts presented at the suspension hearing do not fulfill the legal standards of the police department's rule against associations. The Commission was not proceeding according to law when it sustained charge four. Accordingly, we reverse that part of the court of appeals' decision which affirmed the circuit court's sustaining of charge four.

Charge five dealt with the divulging of records. In the court of appeals, Hennekens claimed that this charge lacked specificity in that it failed to identify the records

or information which he allegedly divulged. The court of appeals agreed with Hennekens. In this court, the city claims Hennekens waived his objection to the specificity of the charge by failing to raise it prior to the time of the suspension hearing. In *State ex rel. Richey v. Neenah Police & Fire Comm.*, 48 Wis. 2d 575, 582–83, 180 N.W.2d 743 (1970), we stated that objections to the sufficiency of charges may not be raised for the first time on appeal. We find that Hennekens' objection to the specificity of charge five at the suspension hearing was timely, and the objection was not waived.

We agree with the court of appeals' conclusion that charge five is devoid of sufficient facts to apprise Hennekens of his alleged violation. The charge states that Hennekens "divulged records, schedules and information to persons not connected with the department." No information was provided as to the nature of the records, schedules, or information allegedly divulged. We find that charge five failed to adequately apprise Hennekens of the nature of the violation, and thus the Commission failed to act in accordance with due process guarantees with regard to that charge. We agree with the court of appeals that, since we have concluded that charge five is inadequate, we need not consider Hennekens' contention that the police department rules prohibiting disclosure of information violate his constitutional right to freedom of speech.

Based on its overturning of the Commission's decision regarding charge five, the court of appeals remanded the matter to the circuit court with directions to remand it to the Commission for a reconsideration of the penalty. In view of the fact that we have found the Commission's sustaining of both charges four and five to be in error, we agree that a remand for reconsideration of Hennekens' penalty is certainly in order.

The Commission based the imposition of its penalty on the premise that four of the charges against Hennekens had been sustained. Since only charges two and three have survived review by this court, reconsideration of the penalty would be in order.[4] The Commission should reconsider the penalty in view of our holding.

*By the Court.*—The decision of the court of appeals is affirmed in part, reversed in part, and the cause is remanded to the circuit court for remand to the police and fire commission.

---

[4] We note that, at the time the original three charges were filed against Hennekens, the police chief determined that the imposition of a thirty-day suspension was an adequate penalty.

† Motion for reconsideration pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.