HAGEDORN, J.
¶1 The constitution limits the power of the state to take someone's property. At a minimum, constitutional due process requires the state to provide notice and an opportunity to be heard. This case concerns whether sufficient notice was provided when the Wisconsin Department of Financial Institutions (DFI) notified Gregory A. Anderson that he was liable for more than three million dollars due to his alleged involvement in unlawful securities transactions.
¶2 In its notice, DFI informed Anderson that he had thirty days to "request a hearing" or its allegations would be deemed proven and the threatened punishment would become fixed. Anderson-on day number thirty-mailed a certified letter requesting a hearing. DFI denied Anderson's request for a hearing on the grounds that DFI needed to receive the request by the thirtieth day. No grace, no exceptions.
¶3 The notice Anderson received tracks the language of WIS. STAT. § 551.604(2) (2017-18).[1] However, this recently modified statute (and hence, the notice) is less than clear on precisely what Anderson was supposed to do by the thirtieth day. While DFI offers a plausible reading in defense of its position, we conclude that the notice Anderson received was inadequate. If the state is going to take Anderson's property, it must tell him with reasonable clarity what he needs to do and by when. The notice failed in this basic task and therefore violated Anderson's due process protections. Accordingly, we reverse and remand.
BACKGROUND
¶4 On October 24, 2016, DFI issued a summary order alleging that Anderson participated in the offer and sale of unregistered securities and directing him to cease and desist from engaging in unlawful activities of this kind.[2] The order further proposed the entry of a final order requiring Anderson to pay restitution in excess of three million dollars and a civil penalty of twenty-five thousand dollars.
¶5 Regarding what Anderson needed to do to challenge this and by when, the order stated as follows:
D. Notice of Hearing Rights
(a.) PLEASE TAKE NOTICE that you have the right to request a hearing. Every request for a hearing shall be in the form of a petition filed with the Division, pursuant to Wis. Admin. Code § DFI-Sec 8.01. A petition for a hearing to review an order shall:
(1) Plainly admit or deny each specific allegation, finding or conclusion in the order and incorporated papers. However, if the petitioner lacks sufficient knowledge or information to permit an admission or denial, the petition shall so state, and that statement shall have the effect of a denial; and
(2) State all affirmative defenses. Affirmative defenses not raised in the request for hearing may be deemed waived.
(b.) PLEASE TAKE FURTHER NOTICE that, within 15 days after receipt of a request in a record from you, the matter will be scheduled for a hearing, pursuant to Wis. Stats. §§ 551.604(2) and (3).
(c.) PLEASE TAKE FURTHER NOTICE that if you do not request a hearing and none is ordered by the Administrator within 30 days after the date of service of this order, the findings of fact, conclusions of law, and summary and proposed orders, including the imposition of a civil penalty or requirement for payment of restitution, disgorgement, interest, or the costs of investigation sought in a statement in the order, becomes final by operation of law, pursuant to Wis. Stat. § 551.604(2).
¶6 On the thirtieth day-November 23, 2016-Anderson requested a hearing in a letter sent to DFI through certified mail, in part apologizing "for the late reply on this matter" and noting that he had been dealing with a major family health issue.[3] DFI received the request on November 28, 2016. Thereafter, DFI notified Anderson that his request was denied as untimely because it was received after the thirty-day period had expired. DFI then entered a final order adopting the factual and legal allegations that were set forth in the summary order, including the restitution and civil penalty obligations. Anderson sought a rehearing, which DFI denied. Anderson then sought judicial review, which the circuit court denied. He now appeals.
STANDARD OF REVIEW
¶7 On appeal from administrative review, we consider the agency's decision, not that of the circuit court. Zimbrick v. LIRC , 2000 WI App 106, ¶9, 235 Wis. 2d 132, 613 N.W.2d 198. "Whether a notice is sufficient to provide due process presents a question of law, and our review is therefore de novo." Homeward Bound Servs., Inc. v. OIC , 2006 WI App 208, ¶39, 296 Wis. 2d 481, 724 N.W.2d 380.
DISCUSSION
¶8 Anderson asserts that his request for a hearing was timely. But, he adds, even if it was not, DFI failed to provide him with constitutionally adequate notice.[4] DFI responds that Anderson's request was untimely and that its notice comported with due process because it informed Anderson what he had to do to request a hearing and preserve his rights.
¶9 No one disputes that Anderson was sufficiently apprised of the fact that he had until November 23, 2016, to request a hearing.[5] What is less clear from the language of the notice is when a request for a hearing would be considered effective. Anderson contends that, absent specific instructions to the contrary, he complied by sending his request via certified mail on the thirtieth day. DFI argues that the notice clearly provided that a request would only become effective when it was received by DFI. From the perspective of a reasonable person in Anderson's position, however, DFI's conclusion is far from obvious.
¶10 DFI's argument rests on a multiple-step analysis involving the language of WIS. STAT. § 551.604(2) and WIS. ADMIN. CODE § DFI-Sec 8.01 (Sept. 2010)[6] , the two provisions cited in the notice. These provisions read:
An order under sub. (1) is effective on the date of issuance. Upon issuance of the order, the administrator shall promptly serve each person subject to the order with a copy of the order and a notice that the order has been entered. The order must include a statement of any civil penalty, restitution, disgorgement, interest, or costs of investigation the administrator will seek, a statement of the reasons for the order, and notice that, within 15 days after receipt of a request in a record from the person, the matter will be scheduled for a hearing. If a person subject to the order does not request a hearing and none is ordered by the administrator within 30 days after the date of service of the order, the order, including the imposition of a civil penalty or requirement for payment of restitution, disgorgement, interest, or the costs of investigation sought in a statement in the order, becomes final as to that person by operation of law. If a hearing is requested or ordered, the administrator, after notice of and opportunity for hearing to each person subject to the order, may modify or vacate the order or extend it until final determination.
Sec. 551.604(2) (emphasis added).
Every request for a hearing shall be in the form of a petition filed with the division. A petition for a hearing to review an order shall:
(1) Plainly admit or deny each specific allegation, finding or conclusion in the order and incorporated papers. However, if the petitioner lacks sufficient knowledge or information to permit an admission or denial, the petition shall so state, and that statement shall have the effect of a denial; and
(2) State all affirmative defenses. Affirmative defenses not raised in the request for hearing may be deemed waived.
Sec. DFI-Sec 8.01 (emphasis added).
¶11 To construct its case, DFI first incorporates "does not request a hearing" under WIS. STAT. § 551.604(2) with the requirement under WIS. ADMIN. CODE § DFI-Sec 8.01 that any "request for a hearing" must be made "in the form of a petition filed" with DFI. From there, DFI cites WIS. STAT. § 551.102(8) -a statute not cited in the notice-which states that "filing" means "receipt" under WIS. STAT. ch. 551. Distilling this analysis to its core, DFI's argument is as follows: A request for a hearing must be filed. And filing means receipt. Therefore, a request for a hearing is not effective unless it is actually received. At oral argument and in supplemental briefing, DFI contended this conclusion is necessarily implied by the language of § 551.604(2). And, for purposes of the due process claim in this case, DFI contends that all of this was sufficiently communicated to Anderson to inform him what he had to do and by when: that is, DFI needed to receive his request for a hearing by November 23 for it to be timely.
¶12 Problems with this theory start with the fact that neither the definition of "filing" (i.e., receipt) nor WIS. STAT. § 551.102(8) -the glue holding DFI's argument together-are found in the notice to Anderson.[7] Instead, the word "filing" only appears in the notice's recitation of WIS. ADMIN. CODE § DFI-Sec 8.01, which itself does not have a definition, address the timing of an effective request, or cross-reference the thirty-day limit for requests under WIS. STAT. § 551.604(2).
¶13 This raises the question of why we have an administrative rule referencing "filing" and a statute that does not. A brief dive into the statutory history helps explain why these provisions appear to be parallel lines that never quite meet. Prior to 2009, the operative statute for requesting a hearing read:
Within 30 days after the division has issued an order summarily, an interested party may file a written request with the division for a hearing in respect to any matters determined by the order, except a party may file a request for a hearing regarding an order issued under [ WIS. STAT. § 551.60(3) ] at any time. Within 10 days after an interested person files a written request with the division for a hearing, the matter shall be noticed for hearing, and a hearing shall be held within 60 days after notice, unless extended by the division for good cause. During the pendency of any hearing requested under this subsection, the order issued summarily shall remain in effect unless vacated or modified by the division.
WIS. STAT. § 551.61(2) (2005-06) (emphasis added). This iteration of the statute clearly corresponds to the language of WIS. ADMIN. CODE § DFI-Sec 8.01 : namely, the former statute dictated that a written request needed to be filed within thirty days and § DFI-Sec 8.01 instructed as to the specific form and contents such a request must carry.
¶14 Even so, the prior iteration of the statute and its express instruction that a party shall "file a written request with the division for a hearing" are no longer. WISCONSIN STAT. § 551.61(2) (2005-06) was repealed during the legislature's creation of a new chapter for securities law based on the Uniform Securities Act of 2002. 2007 Wis. Act 196, § 16; see also WIS. STAT. § 551.615. Notwithstanding that statutory overhaul, WIS. ADMIN. CODE § DFI-Sec 8.01 has remained substantively unchanged since its promulgation in 1977.[8]
¶15 The semantic link that once existed is lost in the present version of the operative statute. Rather, WIS. STAT. § 551.604(2) simply states that a party may "request a hearing" within thirty days following service of the order. This language, which was adopted verbatim from the Uniform Securities Act, provides no hint that a request must be filed or received to be considered effective. Cf., e.g. , N.M. STAT. ANN. § 58-13C-604B(2) (2019) (modifying the Act with instruction that notice "shall state that the parties have fifteen days from receipt of the notice to file with the director a request in a record for a hearing" (emphasis added)).
¶16 In fact, inferring as much would create a seeming incongruity elsewhere in WIS. STAT. § 551.604(2). Notably, the statute provides that a hearing will be scheduled "within 15 days after receipt of a request in a record from the person." Id. (emphasis added). The same language is found in DFI's notice to Anderson. Under DFI's approach to "request" a hearing implicitly incorporates its receipt. But read plainly, the phrase "receipt of a request" implies the existence of daylight between a request and its receipt, suggesting they are not the same thing.[9] To that point, we have also not found other jurisdictions following DFI's approach to this same language from the Uniform Securities Act.[10]
¶17 However, we need not resolve the apparent obscurity in the statutory use of "request." Even if we were persuaded that the better reading of the statute is the one DFI promotes-such that a request is only effective and timely upon DFI's receipt within thirty days-we conclude that DFI's notice failed to provide Anderson with due process.
¶18 The right to due process is protected by the United States and Wisconsin Constitutions. U.S. CONST. amend. XIV ; WIS. CONST. art. I, § 1. Prior to depriving a person of a property interest, due process requires the state to provide notice that is "sufficient to enable the recipient to determine what he must do to prevent the deprivation of his interest." Estate of Wolff v. Town Bd. of Weston , 156 Wis. 2d 588, 596, 457 N.W.2d 510 (Ct. App. 1990). "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." Id. at 592 (quoting Cafeteria & Rest. Workers Union, Local 473 v. McElroy , 367 U.S. 886, 895 (1961) ). Instead, "[t]he degree of procedural rigor required in a proceeding varies from one case to another and depends upon the particular facts and upon the weight to be afforded to private interests as contrasted to governmental interests in the circumstances." State ex rel. Messner v. Milwaukee Cty. Civil Serv. Comm'n , 56 Wis. 2d 438, 444, 202 N.W.2d 13 (1972).
¶19 To determine whether notice was constitutionally sufficient, we look to its reasonableness. Id. ; Wolff , 156 Wis. 2d at 592 ("[T]he focus of due process is the 'reasonableness' of the means of notice chosen by the government."). Reasonable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Messner , 56 Wis. 2d at 444 (quoting Mullane v. Central Hanover Bank & Trust Co. , 339 U.S. 306, 314 (1950) ). We assess reasonableness from the perspective of the notice's recipient. See Wolff , 156 Wis. 2d at 596 ("A notice must be sufficient to enable the recipient to determine what he must do to prevent the deprivation of his interest." (emphasis added) (citing Goldberg v. Kelly , 397 U.S. 254, 267-68 (1970) )). Said another way, Anderson needed to be able to determine what he needed to do to contest the proposed findings and punishments and by when.
¶20 The notice here did not accomplish that. The notice itself-while only indicating the form of a "request for a hearing" and the fact that a "request" needed to be made within thirty days-left unsaid how DFI determines the timeliness of a "request." As Anderson points out, the summary order informed him that DFI considered its order effective on the date of its mailing. Given that this information was provided in the section of the order immediately preceding that which set forth the notice of his rights to a hearing, it stands to reason that a person in Anderson's position could logically conclude that he or she would be subject to the same timing rules in response. At the very least, nothing in the notice told him otherwise or clearly indicated a request needed to be received within thirty days. We find it reasonable that a layman like Anderson could interpret the notice as instructing that a request would be timely when mailed within thirty days. While DFI's reading of the less-than-clear statutes and administrative rule is not without merit, it is also not obvious or apparent to this court. How much more confusing to a citizen with no legal training. Wolff , 156 Wis. 2d at 596 (explaining that reasonableness depends on the recipient).
¶21 The gaps in the current statutory language appear to be a result of legislative oversight following the statutory revisions. That said, the state's due process obligations are not lessened by legislative mis-marksmanship. The notice did not tell Anderson what he needed to do by when, and was therefore insufficient.[11]
CONCLUSION
¶22 Because DFI's inadequate notice deprived Anderson of his constitutional right to due process, we remand this case to the circuit court for entry of an order directing DFI to reverse the denial of his request for a hearing. WIS. STAT. § 227.57(8).[12]
By the Court. -Order reversed and cause remanded with directions.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Among its specific allegations, the order, which also named James Nickels, The Fiscal Concierge, LLC, and The Fiscon Manager, Inc., as liable parties, charged that Anderson participated in transactions that collectively constituted a Ponzi scheme. The merits of the order's allegations are not a subject of this appeal.

In his letter, Anderson did not specifically "request a hearing" but instead stated that he was "formally appealing" the summary order. DFI nonetheless treated Anderson's letter as a request for a hearing, and the parties have continued under this premise through this appeal. Thus, we will do the same.

Anderson also challenges the imposition of joint and several liability against him and contends that the allegations against him in the summary order were either incorrect or insufficient to amount to a statutory violation. Because we conclude that Anderson was provided inadequate notice and remand the case for further proceedings, we need not reach these issues.

The notice stated that, pursuant to Wis. Stat. § 551.604(2), Anderson had the ability to request a hearing within thirty days of the summary order's date of service. Elsewhere in the order, Anderson was informed that the order was considered served on the date it was placed in the mail, i.e., October 24, 2016. Thus, Anderson had until November 23, 2016, to request a hearing.

Unless otherwise noted, all references to Wis. Admin. Code ch. DFI-Sec 8 are to the September 2010 version, which is the current version of that chapter.

DFI acknowledges this absence on appeal but states that, given the "very high" stakes of this case, it would have "behooved [Anderson] to research the matter or retain counsel to do so for him." Even if such measures can be required under the reasonableness standard we apply here, as we explain below, this court is not sure a good lawyer would find the answer as obvious as DFI thinks it is.

Wis. Admin. Code § DFI-Sec 8.01 (Oct. 1977), http://docs.legis.wisconsin.gov/code/register/1977/264b/rules/sec_1_to_9.pdf.

The dissent argues the word "request" necessarily implies "receipt." Dissent, ¶7. But the statutory language "receipt of a request" necessarily implies that a request need not be simultaneous with receipt to constitute a valid request. The dissent never grapples with this language.
Rather, the dissent (along with DFI) makes much of the language in Wis. Stat. § 551.604(2) specifying that "[i]f a person subject to the order does not request a hearing and none is ordered by the administrator within 30 days," the order becomes final "by operation of law." Dissent, ¶10. DFI suggests that reading the language to allow for some time period between a request and its receipt renders the statute unworkable, leading to cases that will need to be reopened after day thirty upon the postal arrival of newly received requests. But some administrative time between day thirty and a final order would be ordinary anyway. For example, if someone physically files a request for a hearing at the close of business on day thirty, it would no doubt take at least another business day or more to process that request (to say nothing of staff vacations and routine administrative delay). The fact that DFI might need to wait a few extra days under Anderson's reading of the statute is by no means the administrative catastrophe DFI portends. Some administrative lag time seems inevitable.

Though not a clear statement of law interpreting the same language, it appears an Iowa trial court overturned an administrative denial because the appellants' request had been placed in the mail within thirty days, adding at least some support to Anderson's reading. See Renewable Fuels, Inc. v. Iowa Ins. Comm'r , 752 N.W.2d 441, 444 (Iowa Ct. App. 2008).

Inadequate notice notwithstanding, an aggrieved party must prove he has been prejudiced as a result of inadequate notice. Zimbrick v. LIRC , 2000 WI App 106, ¶12, 235 Wis. 2d 132, 613 N.W.2d 198 (quoting Weibel v. Clark , 87 Wis. 2d 696, 704, 275 N.W.2d 686 (1979) ). Anderson easily met this standard here. DFI denied his request for a hearing because, according to DFI, he missed the deadline imposed by Wis. Stat. § 551.604(2). Without a request, DFI entered its final order, indebting Anderson for more than three million dollars by operation of law. This constitutes prejudice.

We emphasize that this decision is based solely on due process grounds and reserves judgment on the best reading of Wis. Stat. § 551.604(2).